## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CRYSTAL LAMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO.: |
| v. | ) | 1:19-CV-695-WMR |
| | ) | |
| CLAYTON COUNTY SCHOOL | ) | |
| DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE MEDIATED SETTLEMENT AGREEMENT

COMES now Defendant, Clayton County School District ("Defendant" or "District") and files this Response in Opposition to Plaintiff's Motion to Enforce Mediated Settlement Agreement ("Motion") and shows the Court as follows:

### I.     STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On February 8, 2019, Plaintiff, filed suit against the Defendant based upon violations of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). After proceeding with litigation, the Parties mutually agreed to engage in mediation. As such, on December 12, 2020, the Parties attended a mediation session with Judge Gino Brogdon. However, settlement was not reached due to the unsubstantiated settlement amount proposed by the Plaintiff. On March 15, 2021, the Parties attended a second mediation session with Judge

Gino Brogdon. The mediation was attended by Plaintiff, her counsel, and Defendant's counsel. Evan Snyder, a Senior Claims Examiner also attended the mediation because the District is insured through QBE Specialty Insurance Company.

At the conclusion of the mediation, Judge Gino Brogdon requested that the Parties exchange the terms of the contingent settlement agreement ("contingent agreement"). The purpose of this request was to memorialize the proposed terms of the contingent agreement. In accordance with Judge Brogdon's request, the Parties exchanged numerous email correspondences regarding the proposed settlement terms.[1] Both the subject line of the email and the title contained in the email expressly stated, "Contingent Settlement Agreement."[2] As expressly admitted by the Plaintiff in her Motion to Enforce Settlement, the contingent agreement stated, "This Contingent Settlement Agreement is made and entered into this 15th day of March, 2021, ("Agreement") by and between Clayton County Public Schools and Crystal Lamb (collectively "Parties")…"[3] The contingent agreement further provided, "NOW, THEREFORE, for and in consideration of the contingent

---

[1] See Email Correspondence Dated March 15, 2021 attached as Exhibit A.
[2] *Id*.
[3] *Id*.; See also Plaintiff's Motion to Enforce Settlement, P. 3 ("The Contingent Settlement Agreement notes that the settlement is 'subject to and contingent upon approval of the Clayton County School Board.'")

agreement set forth herein…"[4] Lastly, the contingent agreement stated, "The parties agree to settle all claims, including all attorney's fees, in the amount of $250,000.00, subject to and contingent upon approval of the Clayton County School Board."[5]

A review of the continent agreement indicates that it contained the word "contingent" a total of four (4) times.[6] Notably, Plaintiff's counsel even alluded to his understanding of this contingency wording when he proposed additional settlement terms.[7] For example, in his email response dated March 15, 2021 at 3:09 p.m., Plaintiff's counsel proposed additional terms in red.[8] Specifically, he proposed the following terms to Section I of the contingent agreement: "Which shall be presented to the CCSB for approval no more than 10 calendar days from today, or by March 25, 2021, with settlement proceeds to be issued no more than 14 days following final execution of the agreement."[9] As such, contrary to Plaintiff's assertions, she and her counsel did not believe that the approval of the School Board was a "mere formality required, perhaps, by the Board's internal procedures."[10]

---

[4] *Id*.
[5] *Id*.
[6] *Id*.
[7] *Id*.
[8] *Id*.
[9] *Id*.
[10] See Plaintiff's Motion to Enforce Settlement, P. 8 ("…Plaintiff understood the stated 'need' for approval by the School Board to be a mere formality required, perhaps, by the Board's internal procedures")

Subsequent to the mediation held on March 15, 2021, Plaintiff's counsel emailed Defendant's counsel on March 22, 2021 regarding the upcoming School Board meeting.[11] In the email, Plaintiff's counsel, in his own words, made clear his understanding of the School Board approval process as it relates to the contingent agreement.[12] In particular, Plaintiff's counsel stated, "We are hopeful this matter will be added to the School District's calendar for next week's meeting. In anticipation and preparation for that meeting, and as a practical matter, since we will not be able to execute a final agreement until it has been approved by your client, I think it makes sense to enter into a term sheet that contains the settlement terms to be reviewed/approved by the District. While not binding on the parties, we need to get the terms in writing to ensure we have included all terms that need to be approved by the District."[13] As such, this email indicates Plaintiff's understanding that the contingent agreement was not a final binding agreement and the School Board's approval was a condition precedent to the Parties entering into a final binding agreement.

On March 29, 2021, the School Board voted and refused to consent to settle this matter. The matter was discussed during executive session for the purpose of

---

[11] See Email Correspondence Dated March 22, 2021 attached as Exhibit B.
[12] *Id.*
[13] *Id.*

litigation, personnel, and land matters.[14] As noted on the School Board's meeting summary, the School Board had no voting items from the executive session.[15] On April 1, 2021, Defendant's counsel informed Plaintiff's counsel and the District's insurance carrier of the School Board's decision.[16] Plaintiff's counsel contacted Defendant's counsel via email on April 20, 2021 regarding the filing of a Motion to Enforce Settlement.[17] Defendant's counsel, again, stated in writing, "…we consistently advised you and your client verbally and in writing, throughout the mediation process that settlement was contingent upon Board approval."[18] In an effort to evidence Plaintiff's counsel's bad faith, Defendant's counsel noted, "I'm not sure how a Motion to Compel Settlement could lead to anything more than an increase in attorney's fees."[19] Despite this forewarning, on April 26, 2021, Plaintiff filed a meritless Motion to Enforce Settlement. For the reasons set forth herein, Plaintiff's Motion to Enforce Settlement should be denied.

---

[14] See Plaintiff's Motion to Enforce Settlement Exhibit 4, Section IV ("Executive Session")
[15] *Id*.
[16] See Letter Dated April 1, 2021 attached as Exhibit C.
[17] See Email Correspondence Dated April 20, 2021 attached as Exhibit D.
[18] *Id*.
[19] *Id*.

## II.    ARGUMENT AND CITATIONS OF AUTHORITY

### A. Standard of Review

Federal courts use applicable state contract law to construe and enforce settlement agreements. *Cohen v. Dekalb County School Dist*., No. 1:09-CV-1153, 2009 WL 4261161, at * 4 (N.D. Ga. Nov. 25, 2009).[20] "Under Georgia law, a motion to enforce a settlement agreement is evaluated under the standards similar to a motion for summary judgment." *Id*. citing *Ballard v. Williams,* 223 Ga. App. 1, 476 S.E.2d 783, 784 (1996). "'To prevail, a party must show the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [plaintiff's] case.'" *Id*. quoting *Walls v. Walls,* 260 Ga. App. 673, 580 S.E.2d 564, 566 (2003). "The party seeking judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact." *Id*. citing *Herzog v. Castle Rock Entm't,* 193 F.3d 1241, 1246 (11th Cir. 1999); *Smith v. Gordon,* 266 Ga. App. 814, 598 S.E.2d 92, 93 (2004). "The Court must draw all disputed factual inferences in the light most favorable to the non-moving party."

---

[20] *Vinnett v. General Elec. Co*., No. 07-14364, 2008 WL834456, at * 3, 271 Fed. Appx. 908, 912 (11th Cir. 2008) ("We use the applicable state's contract law to construe and enforce settlement agreements."); *Resnick v. Uccello Immobilien GMBH, Inc*., 227 F.3d 1347, 1350 (11th Cir. 2000) ("And, even though this settlement agreement arose under the ADA, state contract law directs our analysis here.")

*Id*. citing *Vinnett,* 271 Fed. App'x at 912 (2008); *Scott v. Harris,* 550 U.S. 372, 127 S. Ct. 1769, 1776 (2007); *Smith,* 598 S.E.2d at 93 (2004). "Once the moving party has met its burden, the non-movant must demonstrate that judgment is inappropriate by designating specific facts showing a genuine issue for trial." *Id*. citing *Graham v. State Farm Mut. Ins. Co.,* 193 F.3d 1274, 1282 (11th Cir. 1999). "The non-moving party 'need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial.'" *Id*. citing *Herzog*, 199 F.3d at 1246 (11th Cir. 1999).

### B. Contingent Settlement Agreement

Under Georgia law, an agreement for settlement and compromise of a pending lawsuit must meet the same formation and enforceability requirements as any other contract. *Cohen*, 2009 WL 4261161, at * 4 citing *Blum v. Morgan Guar. Trust Co. of New York,* 709 F.2d 1463, 1467 (11th Cir. 1983). The required elements of a contract under Georgia law are (1) parties that are able to contract; (2) consideration; (3) mutual assent of terms; and (4) subject matter of the contract. O.C.G.A. § 13–3–1. *Id*. "[I]t is well settled that an agreement between two parties will occur only when the minds of the parties meet at the same time, upon the same subject matter, and in the same sense." *Id*. citing *S. Med. Corp. v. Liberty Mut. Ins. Co.,* 216 Ga. App. 289, 454 S.E. 2d 180, 182 (1995); *Dodson v.*

*Kern,* 136 Ga. App. 522, 221 S.E.2d 693, 696 (1975). "The formation of a contract also depends on both an offer and an acceptance of the contract's terms." *Id*. "A response to an offer 'will not amount to an acceptance, so as to result in a contract, **unless it is unconditional** and identical with the terms of the offer.'" *Id*. quoting *Anderson v. Benton,* 295 Ga. App. 851, 855, 673 S.E.2d 338 (2009). (emphasis added). "To constitute a contract, the offer must be accepted unequivocally and without variance of any sort." *Id.*

Black's Law Dictionary defines "unconditional" as "not limited by a condition; not depending on an uncertain event or **contingency**; **absolute**." 11th Ed. 2019. Here, the contingent agreement reached by the Parties was both labeled as contingent and included clear terms noting that the contingent agreement was "subject to and contingent upon approval of the Clayton County School Board."[21] Plaintiff's counsel evidenced his understanding of the contingent agreement being conditioned upon the School Board's approval in his March 22, 2021 email to Defendant's counsel.[22] Furthermore, Plaintiff's counsel was well aware that the agreement was not absolute because he expressly stated, "In anticipation and preparation for that meeting, and as a practical matter, since **we will not be able to execute a final agreement until it has been approved by your client**, I think it

---

[21] See Email Correspondence Dated March 15, 2021 attached as Exhibit A.
[22] See Email Correspondence Dated March 22, 2021 attached as Exhibit B.

makes sense to enter into a term sheet that contains the settlement terms to be reviewed/approved by the District. **While not binding on the parties**, we need to get the terms in writing to ensure we have included all terms that need to be approved by the District."[23] Now on the eve of trial, Plaintiff's counsel attempts to assert that the contingent agreement was both final and binding on the Parties. However, a review of Plaintiff's Motion alongside the evidence presented by the Defendants indicates that the Motion is both meritless and an abuse of litigation.

In addition, the District's insurance policy indicates that all settlement agreements are contingent on the School Board's approval.[24] Section VII(I) of the School's Board insurance policy expressly states, "We will **consult with you** when we settle a claim or suit. If you refuse to **consent** to any settlement offer, we receive or make and you **elect** to contest the claim or suit or continue any legal proceeding in connection with such claim or suit, our liability will not exceed the settlement offer plus supplementary payments incurred as of the date of such refusal." As such, the District's insurance policy contemplates contingent settlement agreements such as the one in this case.

Furthermore, the case law relied upon by the Plaintiff is factually distinguishable from the facts of this case. In support of her Motion, Plaintiff cites to *Pourreza v. Teel Appraisals & Advisory, Inc*., which involved a motion to

---

[23] *Id*.
[24] See School District's Insurance Policy, Section VII(I) attached as Exhibit E.

enforce settlement after the parties agreed on the essential terms of the settlement agreement. 273 Ga. App. 880, 616 S.E. 2d 108 (2005). Notably, the settlement language in the settlement agreement did not contain any conditions precedent to the final agreement being executed. *Id*. at 883 ("…and the acceptance was not conditioned on the occurrence of any other events.") As such, the Court affirmed the trial court's decision to grant the settlement agreement. *Id*. at 884. Similarly, in the *Johnson v. Dekalb County* case relied upon by the Plaintiff, "appellant's counsel did not condition acceptance on the occurrence of any other events." 314 Ga. App. 790, 794, 726 S.E.2d 102 (2012).

The facts in the *Pourreza* and *Johnson* cases are distinguishable from the facts in this case. Here, there was never a final settlement agreement as evidenced by the language contained in the contingent agreement and in Plaintiff's counsel's March 22, 2021 email.[25] Furthermore, unlike the agreements in *Pourreza* and *Johnson*, the contingent agreement in this case was both titled "contingent agreement" and indicated that the acceptance of the agreement was conditioned on the occurrence of another event i.e., review and approval by the School Board. As such, Plaintiff's reliance upon the *Pourreza* and *Johnson* case is improper and an attempt to mislead the Court.

---

[25] See Exhibits A and B.

## C. Apparent Authority

In support of her Motion, Plaintiff also asserts an apparent authority argument that lacks legal merit. First, the very cases relied upon by the Plaintiff discredit her apparent authority argument. In *Glazer v. J.C. Bradford and Co*., the Court held that a settlement agreement entered into by the Plaintiff's attorney was binding since the opposing party was unaware of any limitation on the attorney's apparent authority. 616 F.2d 167 (5th Cir. 1980). The court noted, "The decision in this case is controlled by the established principle of Georgia law that a client is bound by his attorney's agreement to settle a lawsuit, even though the attorney may not have had express authority to settle, if the opposing party was unaware of any limitation on the attorney's apparent authority." *Id*. at 168. Likewise, in *Brooks v. Ironstone Bank*, the Court noted, "The authority may be considered plenary unless it is limited by the client and that limitation is communicated to opposing parties. 314 Ga. App. 879, 880 citing *Brumbelow v. Northern Propane Gas Co*., 251 Ga. 674, 674-675, 308 S.E.2d 544 (1983). In the case before this Court, Defendant's counsel made it expressly clear on numerous occasions the limitations surrounding her authority and the insurance carrier's authority to settle the case.[26] The limitations were noted both verbally and in writing to the Plaintiff. As such, Plaintiff and her counsel were well aware of the limitations on Defendant's

---

[26] See Exhibit D.

counsel's authority to settle the case. Hence, the need for the contingent agreement to be titled as such and to contain express language regarding the School Board's approval.

In her Motion, Plaintiff failed to draw the Court's attention to cases that are factually similar to this case. For example, in *Rodebaugh v. Robbins*, the Court denied a motion to enforce settlement because the evidence before the Court indicated that settlement negotiations were still pending. 180 Ga. App. 338, 338, 349 S.E.2d 195, 195 (1986). Furthermore, the appellant's attorney testified that, although the modified proposal looked satisfactory to him, he had informed the appellee's counsel that he intended to present it to his client for approval. *Id*. The Court noted, "Consequently it does not appear as a matter of law that a settlement was actually reached, and it follows that the trial court erred in granting the motion to enforce the alleged agreement." *Id*. Here, as in *Rodebaugh*, Defendant's counsel made it clear on several occasions that the contingent agreement was in fact *contingent* on the School Board's approval.

Likewise, in *Powerhouse Custom Homes, Inc. v. 84 Lumber Co., L.P.*, the Parties engaged in a mediation session and their counsel signed a mediation agreement. 307 Ga. App. 605, 606, 705 S.E.2d 704, 705 (2011). The mediation agreement also set forth a settlement "proposal" presented by the Plaintiff for the Defendant's consideration. *Id*. The proposal provided that it was "subject to

acceptance or rejection by Lumber for fifteen calendar days." *Id*. The Defendant did not accept the settlement proposal within the time frame set forth in the proposal. *Id*. In fact, the Defendant's counsel expressly rejected the proposal. *Id*. The Court held, by its express terms, the mediation agreement merely set forth a "proposal" amounting to a settlement offer that was subject to acceptance or rejection by the Defendants. *Id*. at 607. Therefore, it was undisputed that the Defendants did not communicate acceptance of the proposal and no settlement agreement was reached. *Id*. Here, as in *Powerhouse*, the contingent agreement, by its express terms, merely set forth a proposed agreement that was subject to and conditioned upon the review and approval of the School Board.[27]

Lastly, in *Omni Builders Risk v. Bennett*, the Court held that an employer's attorney lacked apparent authority to enter into a settlement agreement on the employer's behalf based upon the fact that the settlement agreement contained signature lines for both parties and their attorneys. 313 Ga. App. 358, 359, 721 S.E. 2d 563, 564 (2011). The Court noted that the Defendant had no reason to believe that the Plaintiff's attorney had apparent authority to enter into the settlement agreement because the document expressly reflected that the client's signature was required. *Id*. at 362. Furthermore, the Court noted "Where there were no manifestations of authority by the principal to a third party, apparent authority is

---

[27] See Exhibit B.

not in issue." *Id*. at 361 (2011). Here, as in *Omni*, Plaintiff was never misled to believe that the School Board's consent was not required. In fact, the express terms of the contingent agreement indicate with certainty that the proposed agreement was "subject to and contingent upon approval of the Clayton County School Board." If this were not so, the contingent agreement would have been void of any references to the School Board. Furthermore, there would have been no need for Plaintiff's counsel to propose language stating when the matter would be presented to the School Board for approval.[28] As such, the filing of Plaintiff's Motion to Enforce Settlement is merely an attempt to enforce a non-binding agreement and abuse the litigation process.

## III.    <u>CONCLUSION</u>

For these reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion to Enforce Settlement. Defendant further requests the Court award reasonable attorney's fees to Defendant for fees incurred for time spent to respond to Plaintiff's Motion. Defendant prays for such other relief as this Court deems proper.

---

[28] See Exhibit B. In the email dated March 15, 2021 at 3:09 p.m., Plaintiff's counsel proposed the following terms to Section I of the contingent agreement: "Which shall be presented to the CCSB for approval no more than 10 calendar days from today, or by March 25, 2021, with settlement proceeds to be issued no more than 14 days following final execution of the agreement."

Respectfully submitted this 2nd day of May, 2021.

/s/ Valorri C. Jones
VALORRI C. JONES
Georgia Bar No. 848714
SHIRNELLE R. COUNCIL
Georgia Bar No. 350745
*Attorneys for the Defendant*

Fincher Denmark, LLC
100 Hartsfield Centre Pkwy
Suite 400
Atlanta, Georgia 30354
Telephone: (770) 478-9950
Facsimile: (770) 471-9948
vjones@fincherdenmark.com
scouncil@fincherdenmark.com

**From:** John Stembridge <john@stembridgelaw.com>
**Sent:** Monday, March 15, 2021 4:30 PM
**To:** Valorri Jones <vjones@fincherdenmark.com>; Evan Snyder <snydere@summitrisk.com>;
Shirnelle Council <scouncil@fincherdenmark.com>
**Cc:** Lisa Taylor <lisa@stembridgetaylor.com>; Victoria Engleman <victoria@stembridgetaylor.com>
**Subject:** RE: Contingent Settlement Agreement

What is the date of the Board's April meeting?

In our most recent phone call, you told me that your client wanted to use Gino to continue
mediation discussions. I told you that was fine, but that plaintiff would not enter into another
agreement to cover the costs of a continued mediation. Again, my client agreed to accept $250K to
resolve her claims with the understanding that defendant had paid all costs associated with the first
mediation and plaintiff was not responsible for those costs, and with the understanding that there
were no fees associated with the continued mediation. Plaintiff did not agree to pay any fees
associated with the continued mediation.

I called you to discuss and get your voice mail.

**From:** Valorri Jones <vjones@fincherdenmark.com>
**Sent:** Monday, March 15, 2021 4:11 PM
**To:** John Stembridge <john@stembridgelaw.com>; Evan Snyder <snydere@summitrisk.com>;
Shirnelle Council <scouncil@fincherdenmark.com>; M. Gino Brogdon Sr. <mginob@gmail.com>
**Cc:** Lisa Taylor <lisa@stembridgetaylor.com>; Victoria Engleman <victoria@stembridgetaylor.com>
**Subject:** RE: Contingent Settlement Agreement

1) The Board dictates when this item will go on the agenda. There is nothing we can do about that.

2) The first invoice was $8000 and has been paid.  An remainder as a result of today will be send to
us by Henning and I will let you know.

3) The decision about her personnel records again rests with the District.  I will forward your request
them and advise that it is a deal breaker.

4) There is not a problem with making a general reference that this settlement will resolve all
pending claims.

**From:** John Stembridge <john@stembridgelaw.com>

**Sent:** Monday, March 15, 2021 4:05 PM
**To:** Valorri Jones <vjones@fincherdenmark.com>; Evan Snyder <snydere@summitrisk.com>;
Shirnelle Council <scouncil@fincherdenmark.com>; M. Gino Brogdon Sr. <mginob@gmail.com>
**Cc:** Lisa Taylor <lisa@stembridgetaylor.com>; Victoria Engleman <victoria@stembridgetaylor.com>
**Subject:** RE: Contingent Settlement Agreement

See below:

---

**From:** Valorri Jones <vjones@fincherdenmark.com>
**Sent:** Monday, March 15, 2021 3:47 PM
**To:** John Stembridge <john@stembridgelaw.com>; Evan Snyder <snydere@summitrisk.com>;
Shirnelle Council <scouncil@fincherdenmark.com>; M. Gino Brogdon Sr. <mginob@gmail.com>
**Cc:** Lisa Taylor <lisa@stembridgetaylor.com>; Victoria Engleman <victoria@stembridgetaylor.com>
**Subject:** RE: Contingent Settlement Agreement

1. The board's agenda is already sent March 29.  We are past the deadline to add to that agenda.  <span style="color:red">Defendant terminated Crystal's employment in March 2018, the same month she filed her EEOC charge, and this action was filed in February 2019. This should be a minor agenda item, that can probably be approved in an executive committee. Given the amount of time that has passed, it makes sense to get it approved at the next possible opportunity.</span>

2. John – please refer back  our mediation agreement.  We agreed to pay the full cost of mediation if the case DID NOT settle.   I will send it to you if necessary.  <span style="color:red">This does not reflect our phone call in January. What is the fee?</span>

3. We cannot make any agreement about her personnel file with approval from the District.  <span style="color:red">We will not agree to a final agreement that does not include this provision. Crystal was wrongfully terminated and that information should not follow her to any other job she may apply for. Isn't your client available to authorize this today?</span>

4. Our position stands with regard to the classification of the damages. <span style="color:red">If the only reference is that payment is being made to resolve the claims, as stated in your original email below, this is fine.</span>

---

**From:** John Stembridge <john@stembridgelaw.com>
**Sent:** Monday, March 15, 2021 3:42 PM
**To:** Valorri Jones <vjones@fincherdenmark.com>; Evan Snyder <snydere@summitrisk.com>;
Shirnelle Council <scouncil@fincherdenmark.com>; M. Gino Brogdon Sr. <mginob@gmail.com>
**Cc:** Lisa Taylor <lisa@stembridgetaylor.com>; Victoria Engleman <victoria@stembridgetaylor.com>
**Subject:** RE: Contingent Settlement Agreement

1. Understood; does the Board still have its meeting scheduled for March 29?
2. Okay.
3. Valorri – when we spoke earlier this year, you stated that defendant had already paid the mediation fees and would not seek any fees from plaintiff if we were able to resolve the case.

Plaintiff's agreement to resolve her claims for $250K was entered with the understanding those fees were being paid by defendant.

4. Thanks. I responded to Evan.
5. We are asking the District to agree now that it will remove any reference of an involuntary separation from her file, and to provide a neutral reference.
6. We'll look at what is included in the full agreement as we typically classify the damages/liabilities that the payment covers.

---

**From:** Valorri Jones <vjones@fincherdenmark.com>
**Sent:** Monday, March 15, 2021 3:27 PM
**To:** John Stembridge <john@stembridgelaw.com>; Evan Snyder <snydere@summitrisk.com>; Shirnelle Council <scouncil@fincherdenmark.com>; M. Gino Brogdon Sr. <mginob@gmail.com>
**Cc:** Lisa Taylor <lisa@stembridgetaylor.com>; Victoria Engleman <victoria@stembridgetaylor.com>
**Subject:** RE: Contingent Settlement Agreement

1. We can't agree that the settlement will be presented to the board in 10 days.  It can only be presented at the next available meeting which will possibly be April 2021.
2. The status of her bankruptcy case will dictate any actions our client needs to take in notifying the bankruptcy court or the trustee. If the petition is withdrawn, please notify us immediately.
3. We agreed John that if this case settled that the parties would split the proceeds and that was included in the mediation agreement.
4. Evan has responded to you regarding how the proceeds will be made payable.
5. There has been no agreement regarding Ms. Lamb's personnel file and what will be included in it.  This will be decided by the District.
6. We are not obligated, nor do we classify damages when making payment for settlement proceeds.  You or your client must decide how you will allocate these funds for tax purposes.

---

**From:** John Stembridge <john@stembridgelaw.com>
**Sent:** Monday, March 15, 2021 3:10 PM
**To:** Valorri Jones <vjones@fincherdenmark.com>; Evan Snyder <snydere@summitrisk.com>; Shirnelle Council <scouncil@fincherdenmark.com>; M. Gino Brogdon Sr. <mginob@gmail.com>
**Cc:** Lisa Taylor <lisa@stembridgetaylor.com>; Victoria Engleman <victoria@stembridgetaylor.com>
**Subject:** RE: Contingent Settlement Agreement

We have a few key terms below in red.

Thanks,

John

---

**From:** Valorri Jones <vjones@fincherdenmark.com>
**Sent:** Monday, March 15, 2021 2:39 PM

<u>**CONTINGENT SETTLEMENT AGREEMENT**</u>

This Contingent Settlement Agreement is made and entered into this 15th day of March, 2021, ("Agreement") by and between **Clayton County Public Schools** and **Crystal Lamb** (Collectively "Parties"), and provides as follows:

**W I T N E S S E T H:**

WHEREAS, the parties participated in a mediation of the above referenced matter before the Honorable Judge Gino Brogdon, ("Mediator") on March 15, 2021.

NOW, THEREFORE, for and in consideration of the contingent agreement set forth herein, the parties, agree as follows:

1.

The parties agree to settle all claims, including all attorney's fees, in the amount of $250,000.00, subject to and contingent upon approval of the Clayton County School Board (CCSB) (which shall be presented to the CCSB for approval no more than 10 calendar days from today, or by March 25, 2021), with settlement proceeds to be issued no more than 14 days following final execution of the agreement.

2.

Crystal Lamb further agrees and acknowledges that the settlement amount of $250,000.00 is a full and complete settlement of the pending claims for Northern District of Georgia Cause Number 1:19-cv-00695-WMR-JSA and any past or future claims against the Clayton County School District. The settlement proceeds payable directly to plaintiff shall be properly classified as compensatory damages for emotional distress, mental anguish, and special damages. All settlement proceeds shall be paid to plaintiff's law firm, Stembridge Taylor LLC, and reported on IRS Form 1099.

3.

Crystal Lamb further agrees and acknowledges that should the bankruptcy proceeding named herein remain active at the time the settlement agreement is fully executed, this contingent settlement  must be disclosed and is subject to the approval of the Bankruptcy Court and Trustee for the Northern District of Georgia pursuant to her pending bankruptcy cause number 20-63878.

As previously discussed ~~and agreed~~ between the parties, the full mediation costs to settle this matter shall be paid by defendant ~~divided equally among the parties~~.  ~~The amount~~

~~owed by Crystal Lamb shall be deducted from the proceeds of the settlement,~~

Any documentation in plaintiffs' personnel file regarding her involuntary termination or nonrenewal of her teaching contract shall be removed and no reference to the termination of nonrenewal shall be retained. Defendant shall give a neutral reference if contacted by third parties regarding her employment with defendant.

*Valorri C. Jones*
Senior Litigation Attorney



100 Hartsfield Centre Parkway
Suite 400
Atlanta, GA 30354
Office: (770) 478-9950
Fax:    (770) 471-9948

**Confidentiality Notice**: This e-mail, including attachments, contains information from the law firm of Fincher Denmark LLC and is intended solely for the use of the named recipient(s).   This communication, including attachments, may contain information that is confidential and protected by the attorney/client and/or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments, without reading or saving it in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail, including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. In the absence of an executed fee agreement or engagement letter, there is no attorney-client relationship created by this communication. If you have received this e-mail in error, please immediately notify the sender of the e-mail or call (770) 478-9950.  Thank you.

---

**From:** John Stembridge <john@stembridgetaylor.com>
**Sent:** Monday, March 22, 2021 4:47 PM
**To:** Valorri Jones <vjones@fincherdenmark.com>
**Cc:** Nikkina Speaks <nspeaks@fincherdenmark.com>; Shirnelle Council
<scouncil@fincherdenmark.com>; Evan Snyder <snydere@summitrisk.com>; M. Gino Brogdon Sr.
<mginob@gmail.com>; Lisa Taylor <lisa@stembridgetaylor.com>; Victoria Engleman
<victoria@stembridgetaylor.com>
**Subject:** Lamb v Clayton County

Valorri,

We are hopeful this matter will be added to the School District's calendar for next week's meeting.
In anticipation and preparation for that meeting, and as a practical matter, since we will not be able
to execute a final agreement until it has been approved by your client, I think it makes sense to enter
into a term sheet that contains the settlement terms to be reviewed/approved by the District. While
not binding on the parties, we need to get the terms in writing to ensure we have included all terms
that need to be approved by the District.

Would you mind preparing that document? I assume you'll want to do so in the format that will be
presented to the District, and we will review on our end.

I copied Gino to give him the opportunity to offer advice, as this is a unique situation, and a first for
me (possibly waiting weeks for final approval of a party).

Thanks,

John

John T. Stembridge
Stembridge Taylor LLC
2951 Piedmont Road, Suite 200
Atlanta, Georgia 30305
Office (404) 604-2691
Cell (678) 362-6567
www.stembridgelaw.com

# EXHIBIT C



**FINCHER DENMARK LLC**
ATTORNEYS

100 Hartsfield Centre Pkwy,
Ste. 400, Atlanta, GA 30354
T. 770.478.9950 | F. 770.471.9948
www.fincherdenmark.com

**PARTNERS**
WINSTON A. DENMARK
STEVEN M. FINCHER
EMILIA C. WALKER

**ASSOCIATES**
VALORRI C. JONES
MAX M. CHANG
DANIELLE M. MATRICARDI
SHIRNELLE COUNCIL
MICHAEL J. HUENING
ZALAK N. RAVAL

WRITER'S LINE
770.692.2027
vjones@fincherdenmark.com

April 1, 2021

**<u>Sent via electronic mail</u>**
Richard Pevner
Summit Risk Services
120 Gibraltar Road, Suite 210
Horsham, Pennsylvania 19044
pevner@summitrisk.com

John Stembridge
Stembridge Law, LLC
2951 Piedmont Road, Suite 200
Atlanta, Georgia 30305
john@stembridgelaw.com

Re:     Crystal Lamb v. Clayton County Public Schools
        Northern District of Georgia Case No. 1:19-CV-00695
        Summit Claim No. QB-0606

Gentlemen:

I am writing to advise that the Clayton County School Board discussed this matter at its meeting on Monday, March 29, 2021.  The Board voted and has refused to consent to settle this matter for $250,000.  The Board wishes to proceed with taking this case to trial.

Should either of you wish to discuss this matter further, I am available at your convenience.

Best Regards,

VALORRI C. JONES

Cc:     Demaris Garrett, Director of Equity and Compliance
        Latasha Lowe, Legal Compliance Officer
        Winston Denmark, Attorney for Clayton County Schools

**From:** Valorri Jones <vjones@fincherdenmark.com>
**Sent:** Tuesday, April 20, 2021 3:32 PM
**To:** John Stembridge <john@stembridgetaylor.com>
**Cc:** Lisa Taylor <lisa@stembridgetaylor.com>; Victoria Engleman <victoria@stembridgetaylor.com>; Winston Denmark <wdenmark@fincherdenmark.com>; Shirnelle Council <scouncil@fincherdenmark.com>
**Subject:** RE: Crystal Lamb/Clayton County

Good Afternoon John:

I can make myself available on Thursday 4/22 to discuss. However, we consistently advised you and your client verbally and in writing, throughout the mediation process that settlement was contingent upon Board approval. I'm not sure how a Motion to Compel Settlement could lead to anything more than an increase in attorney's fees.

**From:** John Stembridge <john@stembridgetaylor.com>
**Sent:** Tuesday, April 20, 2021 6:42 AM
**To:** Valorri Jones <vjones@fincherdenmark.com>; Winston Denmark <wdenmark@fincherdenmark.com>
**Cc:** Lisa Taylor <lisa@stembridgetaylor.com>; Victoria Engleman <victoria@stembridgetaylor.com>
**Subject:** Crystal Lamb/Clayton County

Valorri and Winston,

I spoke with Gino Brogdon last week about the direction the School Board is taking regarding the settlement. I'd like to talk with you about our next steps, which likely includes filing a motion to compel settlement. Before we get that ball rolling, do you have time for a call to discuss? I may want to notify Judge Ray in advance, just in case he wants another judge to consider our motion.

Thanks,

John

John T. Stembridge
Stembridge Taylor LLC
2951 Piedmont Road, Suite 200
Atlanta, Georgia 30305
Office (404) 604-2691
Cell (678) 362-6567

www.stembridgelaw.com

4. that in the event that the application, including attachments and any other materials submitted, contains misrepresentations which materially affect either the acceptance of the risk or the hazard assumed by us, this policy in its entirety shall be void and of no effect.

**E. Separation of Insureds:**

Except with respect to the Limits of Liability, and any rights or duties specifically assigned in this policy to the first Named Insured, this policy applies:

1. as if each Named Insured were the only Named Insured; and

2. separately to each Insured against whom **claim** is made or **suit** is brought.

**F. Transfer of Rights of Recovery Against others to Us**

If an Insured has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us. The Insured must do nothing after wrongful act to impair them. At our request, the Insured will bring legal action or transfer those rights to us and help us enforce them.

**G. Assignment**

This policy may not be assigned by you to anyone.

**H. Sovereign Immunity Defense**

We will use the defense of sovereign immunity, to which you may be entitled as a public entity, only when you agree with us in its use. If you do not agree with us in using the defense of sovereign immunity, you release us from all liability because of our failure to raise such defense.

**I. Consent to Settle**

We will consult with you when we settle a **claim** or **suit**. If you refuse to consent to any settlement offer we receive or make and you elect to contest the **claim** or **suit** or continue any legal proceeding in connection with such **claim** or **suit**, our liability will not exceed the settlement offer plus supplementary payments incurred as of the date of such refusal.

**J. Cancellation**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

    a. ten (10) days before the effective date of cancellation if we cancel for nonpayment of premium; or

    b. sixty (60) days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is canceled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed, proof of mailing will be sufficient proof of notice.

**K. Changes**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

**L. Examination of Your Books and Records**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three (3) years afterward.

**M. Inspections and Surveys**

We have the right but are not obligated to make inspections and surveys at any time. We will give you reports on the conditions we find and recommend changes.

CRYSTAL LAMB,                          )
                                       )
            Plaintiff,                 )
                                       )          CIVIL ACTION FILE NO.:
v.                                     )          1:19-CV-695-WMR
                                       )
CLAYTON COUNTY SCHOOL                  )
DISTRICT,                              )
                                       )
            Defendant.                 )
_____)

## <u>CERTIFICATION OF FONT</u>

Counsel for Defendant certifies that this Motion has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted this 2nd day of May, 2021.

                                  <u>*/s/ Valorri C. Jones*</u>
                                  VALORRI C. JONES
                                  Georgia Bar No. 848714
                                  SHIRNELLE R. COUNCIL
                                  Georgia Bar No. 350745
                                  *Attorneys for the Defendant*

Fincher Denmark, LLC
100 Hartsfield Centre Pkwy
Suite 400
Atlanta, Georgia 30354
Telephone: (770) 478-9950
 Facsimile: (770) 471-9948
vjones@fincherdenmark.com
scouncil@fincherdenmark.com

CRYSTAL LAMB,                            )
                                         )
            Plaintiff,                   )
                                         )        CIVIL ACTION FILE NO.:
v.                                       )        1:19-CV-695-WMR
                                         )
CLAYTON COUNTY SCHOOL                    )
DISTRICT,                                )
                                         )
            Defendant.                   )
_____)

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2021, I electronically filed the forgoing

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION**

**TO ENFORCE MEDIATED SETTLEMENT AGREEMENT** with the Clerk of

Court using the CM/ECF system with service on all attorneys of record

electronically**.**

Respectfully submitted this 2nd day of May, 2021.

                                        */s/ Valorri C. Jones*
                                        VALORRI C. JONES
                                        Georgia Bar No. 848714
                                        SHIRNELLE R. COUNCIL
                                        Georgia Bar No. 350745
                                        *Attorneys for the Defendant*

Fincher Denmark, LLC
100 Hartsfield Centre Pkwy
Suite 400
Atlanta, Georgia 30354
Telephone: (770) 478-9950
Facsimile: (770) 471-9948
vjones@fincherdenmark.com
scouncil@fincherdenmark.com