

July 26, 2021

Honorable Justin S. Anand
United States Magistrate Judge
1868 Richard B. Russell Federal Building
75 Ted Turner Drive SW
Atlanta, GA 30303

   **Re: Crystal N. Lamb v. Clayton County School District**
     **Civil File No. 1:19-CV-00695-JSA**

Dear Judge Anand:

 This Honorable Court tried this case to a jury June 4-11, 2021, resulting in a jury verdict in favor of Plaintiff Crystal Lamb, awarding her compensatory damages in the amount of $450,000.[1] [Doc. 134]. Under the applicable law, including the parties' Consolidated Pretrial Order as entered by this Court, Plaintiff is also entitled, as the prevailing party on her claims, to backpay and other equitable relief, to be determined by the Court [Docs. 95 and 119]. Thus, the purpose of this letter brief is to address Plaintiff's entitlement to equitable relief, including back pay and pre- and post-judgement interest, as well as the Court's jurisdiction in light of the Defendant's filing of a Notice of Appeal on July 7, 2021 [Doc. 138].

 **I. The District Court Retains Jurisdiction to Enter A Final Award of Damages Pursuant to the Jury's Verdict.[2]**

---

[1] Plaintiff stipulates that the total amount of compensatory damages that may be recovered on her claims under the Americans with Disabilities Act is capped at $300,000.00. 42 U.S.C. § 1981a(b)(3)(D).

[2] The parties conferred in an attempt to reach agreement on the amount of Plaintiff's backpay and other equitable relief but were unsuccessful. On June 22, 2021, Plaintiff provided defendant with a calculation of Plaintiff's back pay and other equitable damages, totaling $74,920.55. Defendant responded on July 15, 2021 with a total offer of $30,000 – less than 44% of Plaintiff's actual equitable damages. In an effort to resolve these issues without Court

It is well established that the trial court retains jurisdiction until entry of a final judgment. 28 U.S.C. § 1291. "As a general rule . . ., federal courts of appeals have jurisdiction to review only 'final decisions' of lower federal courts… A final decision is 'one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1368 (11th Cir. 1983) (citing *Catlin v. United States*, 324 U.S. 229, (1945) (citing 28 U.S.C. § 1291)). "If a party seeks to appeal a district court order that does not constitute a 'final decision' under § 1291 (and does not fall within an exception to the final judgment rule), [the 11th Circuit] must dismiss the case for lack of appellate jurisdiction." *Id*.; *see also Rivers v. Washington County Bd. of Educ.*, 770 F.2d 1010, 1011 (11th Cir. 1985) (finding no final, appealable order as required by 28 U.S.C. § 1291, since the court had not entered final judgment on the claims of all plaintiffs and had not certified the case pursuant to Fed. R. Civ. P. 54(b)).

Defendant's notice of appeal [Doc. 138] was filed prior to the District Court's entering of final judgment. The jury had rendered a verdict, but no final judgment has been entered, as the Court had (and still has) yet to determine either (a) the amount of equitable relief (back pay) to be awarded to Plaintiff or (b) the amount to be awarded to Plaintiff as the prevailing party for her reasonable attorney's fees. [Doc. 145]. Thus, this Court retains jurisdiction to decide all remaining issues in this case, including but not limited to Plaintiff's claims for equitable relief (including back pay) and for attorney's fees as the prevailing party. Defendant's Notice of Appeal [Doc. 138] is premature and should be disregarded for jurisdictional purposes. Pursuant to appliable law, it will become effective only upon entry of a final judgment by this Court pursuant to Federal Rule of Civil Procedure 54, which is final for appellate purposes pursuant to 28 U.S.C. § 1291.

## II.   Plaintiff is Entitled to Backpay and Other Equitable Relief in the Amount of $68,341.10.

Statutory remedies for employment discrimination (including under the ADA) include back pay and "any other equitable relief as the court deems appropriate." 42 U.S.C. § 2000e–5(g)(1); *see Lathem v. Department of Children and Youth Services*, 172 F.3d 786, 794 (11th Cir.1999). While the prevailing plaintiff bears the burden of establishing the amount of back pay, "[c]ourts resolve uncertainties in back pay in favor of the discrimination victim." See *Lathem*, 172 F.3d at 794. In addition to lost wages, an award of back pay includes compensation for lost fringe benefits. *Crabtree v. Baptist*

---

intervention, Plaintiff responded the same day with a compromise offer of $65,000, plus interest. Defendant made no more offers.

*Hosp. of Gadsden, Inc.*, 749 F.2d 1501, 1502 (11th Cir. 1985). Thus, there are two elements to Plaintiff's claim for equitable relief: (1) back wages and (2) lost fringe benefits.

### Back wages

Plaintiff is entitled to her lost back pay from the date she went on unpaid leave through the date she became re-employed. Defendant placed Plaintiff on unpaid leave beginning October 11, 2017, and Plaintiff did not become re-employed until July 30, 2018. [Plaintiff Transcript Vol I. ("Pl. Tr. I") at 139:20-22; Plaintiff Transcript Vol. II ("Pl. Tr. II") at 21:12-21]. Thus, because of Defendant's unlawful conduct, Plaintiff went without pay for 291 days. Plaintiff's salary at the time she was placed on leave was at least $58,000. [Pl. Tr. I at 141:2-4]. Therefore, Plaintiff is due $46,241.10 in back wages.[3]

### Other Equitable Relief

Plaintiff testified at trial that the value of benefits she lost while on leave was $20,000 [141:16-20].[4] In addition, while on leave, Plaintiff paid Defendant $300 per month to maintain her health benefits. [141:8-15]. Defendant presented no evidence to refute, contradict, or otherwise cast any doubt on these numbers. Therefore, Plaintiff is owed $22,100.00 in lost fringe benefits.[5]

## III.   Plaintiff is Entitled to Pre- and Post-Judgment Interest Through July 26, 2021 in the Amount of $6,645.00.

Plaintiff's entitlement to backpay (lost wages and benefits) also includes entitlement to pre- and post-judgment interest. The Eleventh Circuit has found that pre- and post-judgment interest is appropriate when awarding backpay and has used the Prime Rate when determining the amount.[6] *E.E.O.C. v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512 (11th Cir. 1987); *see also McKelvy v. Metal Container Corp.*, 854 F.2d 448, 453 (11th Cir. 1988). Pre-judgment interest is calculated from the date Plaintiff was placed on unpaid leave through the date of the judgment, and post-judgment interest is awarded from the date of the judgment through payment of the award. Applying the Prime Rate, Plaintiff is entitled to pre- and post-judgment interest in the amount of $6,645.00 as of the

---

[3] ($58,000/365 days) x 291 days = $46,241.0959.

[4] These benefits consisted of health, dental, vision, future retirement, 403(b) and legal insurance. (Pl. Tr. I at 141:5-10.)

[5] $20,000 + ($300/month X 7 months (October 11, 2017 through May 7, 2018) = $22,100.00.

[6] The current Prime Rate is 3.25%. https://www.bankrate.com/rates/interest-rates/prime-rate.aspx

date of this Letter Brief.[7]

## IV.   Defendant Is Not Entitled to Offset Plaintiff's Equitable Damages With Payments from Collateral Sources.

The Eleventh Circuit has ruled that unemployment benefits cannot be used to reduce a backpay award. *Brown v. A.J. Gerrard Manufacturing Co.,* 715 F.2d 1549, 1550 (11th Cir. 1983). Following this same logic regarding payments from a collateral source, other Circuit courts have held that awards should not be reduced by worker's compensation, social security payments, and disability payments. *Salitros v. Chrysler Corp.*, 306 F.3d 562, 573-74 (8th Cir. 2002).

Based on her testimony, and other evidence submitted at trial, Plaintiff requests this Court issue a final judgment awarding her compensatory damages in the amount of $300,000, backpay and other equitable damages in the amount of $68,341.10, and pre- and post- judgment interest through July 26, 2021 in the amount of $6,645.00, with post-judgment interest accruing until the award is paid.[8]

Respectfully,

*John T. Stembridge*
*Attorney for Plaintiff*

cc:   Lisa Durham Taylor, Attorney for Plaintiff
      Holly Anne Pierson, Attorney for Plaintiff
      Winston A. Denmark, Attorney for Defendant
      Valorri C. Jones, Attorney for Defendant
      Shirnelle Council, Attorney for Defendant

---

[7] https://www.thecalculatorsite.com/finance/calculators/simple-interest-calculator.php

[8] The Court also retains jurisdiction to determine Plaintiff's reasonable fees and costs.

4