[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-12887

_____

CRYSTAL N. LAMB,

                                                        Plaintiff-Appellee,

*versus*

CLAYTON COUNTY SCHOOLS,
d.b.a. Clayton County Public Schools,

                                                        Defendant,

CLAYTON COUNTY SCHOOL DISTRICT,

                                                      Defendant-Appellant.

2        Opinion of the Court        21-12887

_____

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-00695-JSA

_____

_____

No. 21-14156

_____

CRYSTAL N. LAMB,

  Plaintiff-Appellee,

versus

CLAYTON COUNTY SCHOOLS,
d.b.a. Clayton County Public Schools,

  Defendant,

CLAYTON COUNTY SCHOOL DISTRICT,

  Defendant-Appellant.

Case 1:19-cv-00695-JSA   Document 214   Filed 04/26/23   Page 3 of 8
USCA11 Case: 21-12887   Document: 60-1   Date Filed: 04/26/2023   Page: 3 of 6

21-12887				Opinion of the Court				3

_____

Appeals from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-00695-JSA

_____

Before JORDAN, NEWSOM, and ED CARNES, Circuit Judges.

PER CURIAM:

A jury awarded Crystal Lamb $450,000—later reduced to $300,000—on her claims against the Clayton County School District for discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 794. After entering judgment on the jury verdict, the district court awarded Ms. Lamb attorney's fees and costs. The School District now appeals from the judgment on the jury verdict and the order awarding fees and costs.

### Appeal No. 21-12887

Appeal No. 21-12887 is the School District's challenge to the judgment on the jury verdict. Because the issues that the School District raises are not reviewable on this record, we affirm.

First, the School District argues that the district court erred in not granting its motion for summary judgment. We do not address this argument because an order denying a summary judgment motion is unreviewable following a jury verdict. *See Ortiz v.*

Case 1:19-cv-00695-JSA Document 214 Filed 04/26/23 Page 4 of 8
USCA11 Case: 21-12887 Document: 60-1 Date Filed: 04/26/2023 Page: 4 of 6

4 Opinion of the Court 21-12887

*Jordan*, 562 U.S. 180, 184 (2011); *Lind v. United Parcel Serv., Inc.*, 254 F.3d 1281, 1286 (11th Cir. 2001).

Second, the School District contends (1) that the district court erred in denying its Rule 50(a) motion for judgment as a matter of law and (2) that the evidence did not support the jury's verdict. We do not have the authority to set aside the jury verdict, however, because the School District failed to file a post-verdict Rule 50(b) motion or a post-verdict Rule 59 motion. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006); *St. Louis Condo. Ass'n v. Rockhill Ins. Co.*, 5 F.4th 1235, 1245-46 (11th Cir. 2021).

### Appeal No. 21-14156

Appeal No. 21-14156 is the School District's challenge to the district court's award of attorney's fees and costs. We do not have jurisdiction to consider this challenge.

The order issued on November 9, 2021, in which the district court awarded a certain sum of fees and costs, was not final because it contemplated further calculation of additional fees. *See Morillo-Cedron v. Dist. Dir. for U.S. C.I.S.*, 452 F.3d 1254, 1256 (11th Cir. 2006) ("Where the amount of the fee award has not been determined, a district court order granting attorney's fees is not final.") (brackets, quotation marks, and citation omitted); *Mekdeci by and through Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1523 (11th Cir. 1983) (order announcing intention to award costs was not final because district court had "yet to fix" the amount of costs). The

21-12887               Opinion of the Court                        5

School District's notice of appeal from the November 9 order—dated November 19, 2021—was therefore ineffective.

The order awarding attorney's fees and costs was not final until January 3, 2022, when the district court issued another order determining the amount of interest. The School District was required to file a notice of appeal within 30 days of January 3, 2022, but it did not do so.[1]

The School District asserts that we have jurisdiction because the calculation of interest was a purely ministerial task, thereby making the November 9 order final. We disagree. The November 9 order was silent as to two important issues: (1) the rate of interest and (2) the date from which it was to be calculated. As a result the determination of the interest amount was not a ministerial task. *See S.E.C. v. Carrillo*, 325 F.3d 1268, 1272 (11th Cir. 2003) ("[I]f the judgment amount, the prejudgment interest rate, or the date from which prejudgment interest accrues is unclear, the calculation of prejudgment interest is no longer a ministerial act and the court's order is not final.").[2]

---

[1] The School District's motion for a protective order regarding post-judgment discovery, filed on February 2, 2022, was not the functional equivalent of a notice of appeal.

[2] The School District's challenge is, in any event, meritless. The only argument the School District makes is that the district court improperly awarded fees and costs because it should have granted summary judgment in its favor

Case 1:19-cv-00695-JSA   Document 214   Filed 04/26/23   Page 6 of 8
USCA11 Case: 21-12887   Document: 60-1   Date Filed: 04/26/2023   Page: 6 of 6

6                      Opinion of the Court                   21-12887

### Ms. Lamb's Motion for Sanctions

Ms. Lamb has moved for sanctions under Rule 38 on the ground that the School District's appeals are frivolous. Rule 38 is discretionary, see *Burlington N. R. Co. v. Woods*, 480 U.S. 1, 7 (1987), and here we exercise our discretion to not sanction the School District. We have rejected the contention that the November 9, 2021, order awarding attorney's fees and costs was final, but the School District's argument that the computation of interest was a ministerial task was not legally frivolous. *Cf. Carrillo*, 325 F.3d at 1272 (explaining that "the calculation of an award of prejudgment interest may be . . . susceptible to a simple, ministerial arithmetic calculation" if the "judgment amount, the prejudgment interest rate, and the date from which interest accrues have been established").

**AFFIRMED AS TO NO. 21-12887 AND DISMISSED AS TO NO. 21-14156.**

---

on the merits. That argument, as we have explained, is not cognizable on appeal following a jury verdict.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 26, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-12887-BB  ; 21-14156 -BB
Case Style: Crystal Lamb v. Clayton County School District
District Court Docket No: 1:19-cv-00695-JSA

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| New / Before Briefing Cases: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| Cases in Briefing / After Opinion: | 404-335-6130 | CM/ECF Help Desk: | 404-335-6125 |
| Cases Set for Oral Argument: | 404-335-6141 | | |

OPIN-1A Issuance of Opinion With Costs